**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SUHAILA DOVALES,

        Plaintiff,

v.                                Case No. 6:16-cv-1067-Orl-37GJK

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. The Court's Order to Show Cause (Doc. 6), filed June 23, 2016;

2. Plaintiff's Motion to Remand, Motion for Fees, and Supporting Memorandum of Law (Doc. 9), filed June 27, 2016; and

3. Defendant's Response to Order to Show Cause and Response in Opposition to Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 16), filed July 11, 2016.

Upon consideration, the Court finds that: (1) the Motion is due to be granted in part; and (2) the action is due to be remanded.

**BACKGROUND**

Plaintiff originally filed this action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("**State Court**") seeking damages for injuries she sustained in a May 8, 2015, automobile accident. (*See* Doc. 2.) Initially, Plaintiff sued both the tortfeasor—a Ms. Angela Williams ("**Ms. Williams**")—and Plaintiff's automobile insurer, Defendant Progressive American Insurance Company ("**Progressive**"). (*See id.*)

Subsequently, however, Plaintiff entered into a settlement agreement with Ms. Williams and voluntarily dismissed her from the action. (Doc. 5.) Consequently, the only remaining claims in the operative Complaint include a claim for benefits ("**Coverage Claim**") under Plaintiff's underinsured motorist policy ("**Policy"**) and a claim for bad faith refusal to settle ("**Bad Faith Claim**"). (*See* Doc. 2, ¶¶ 7–41.)

On June 20, 2016, Progressive removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Upon preliminary review of the Notice of Removal and the Complaint, the Court ordered Progressive to show cause as to why the action should not be remanded for lack of subject matter jurisdiction. (Doc. 6 ("**Show Cause Order**").) Importantly, the Court noted its skepticism as to Progressive's ability to meet the $75,000 amount-in-controversy requirement. (*See id.*) First, the Court underscored the $10,000-per-person Policy limits with respect to the Coverage Claim. (*See id.*; *see also* Doc. 2-1.) Additionally, the Court directed Progressive's attention to the Florida Supreme Court's recent decision in *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1216 (Fla. 2016), which recognized that the Bad Faith Claim would not accrue until Plaintiff prevailed in the Coverage Claim. (Doc. 6, p. 3, n.1.) Four days after the Court issued its Show Cause Order, Plaintiff moved to remand the case back to State Court. (Doc. 9 ("**Motion**").) Progressive timely filed a consolidated response to the Court's Show Cause Order and Plaintiff's Motion. (Doc. 16.) The matter is now ripe for the Court's determination.

**STANDARDS**

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original

jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Courts measure the amount in controversy at the time of removal based on the face of the complaint, notice of removal, and any other relevant papers. *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751, 754–55 (11th Cir. 2010). "[T]he existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

## DISCUSSION

The Auto Insurance Coverage Summary attached to the Complaint plainly reveals that Plaintiff's recovery on the Coverage Claim may not exceed $10,000 under the Policy limits. (*See* Doc. 2-1.) Such Policy limits are determinative of the amount in controversy for jurisdictional purposes. *See Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63 (5th Cir. 1959).[1] Indeed, although "[t]he sum a plaintiff claims usually controls the jurisdictional amount," this general rule is displaced where "it appears to a legal certainty that the claim is for less than the jurisdictional amount." *See id.* at 64.

"If there is one situation where the amount of a claim can be determined with legal certainty, it is in a case where a claim is asserted on an insurance policy limiting liability."

---

[1] All decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in this Circuit. *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

3

*Id.*; *see also Allstate Indem. Co. v. Reed*, No. 11-0516-KD-B, 2012 WL 663975 (S.D. Ala. Feb. 29, 2012). The instant action is such a case. As in *Payne*, the remaining claims are asserted against Plaintiff's insurer only. *See* 266 F.2d at 65. Moreover, the only claim that has accrued is the Coverage Claim. *Fridman*, 185 So. 3d at 1216 (explaining that "a determination of liability and the full extent of damages is a prerequisite to a bad faith cause of action"). Based on the Policy limits, it is legally impossible for Plaintiff to recover a sum that exceeds $75,000. As such, "[i]t is a legal certainty, apparent on the face of the papers, that the [Coverage] [C]laim against [Progressive] . . . does not meet the jurisdictional amount." *Payne*, 266 F.2d at 65.

The Court is unpersuaded by Progressive's arguments to the contrary. Importantly, while Plaintiff is undoubtedly entitled to a jury determination as to the full extent of her damages—even beyond the Policy limits—at trial on her Coverage Claim, she would not be entitled to recover such an amount unless and until: (1) she prevails on her Coverage Claim; (2) obtains a verdict in excess of the Policy limits and (3) a determination of bad faith is made in a subsequent action. *Fridman*, 185 So. 3d 1214. Simply too many future contingencies must occur to put any amount above the Policy limits in controversy at this time. Ergo, the Court finds that Progressive has failed to meet its jurisdictional burden and that the action is due to be remanded.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Remand, Motion for Fees, and Supporting Memorandum of Law (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**.

      a.    To the extent that Plaintiff seeks remand of this action to state court, the Motion is **GRANTED**.

      b.    In all other respects, the Motion is **DENIED**.

2.    The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 23, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida